JARL COMPANY, Plaintiff, *v.* VILLAGE OF CROTON-ON-HUDSON and Others, Defendants.*

LE ROY A. CRUMLEY, Plaintiff, *v.* VILLAGE OF CROTON-ON-HUDSON and Others, Defendants.

Supreme Court, Westchester County, January 30, 1932.

---

* See, also, 258 N. Y. 303.

*Larkin, Andrews & McNaughton* [*John Larkin* of counsel], for Jarl Company, for the motion.

*Herman Tocker*, for Le Roy A. Crumley, for the motion.

*Edgar A. B. Spencer*, for village of Croton-on-Hudson and others, opposed.

CLOSE, J.   The plaintiff company has brought an action to test the validity of annexation proceedings by which its property was annexed to the defendant village.   The proceedings are in the form of an action to remove a cloud upon the plaintiff's title, the alleged cloud being the village tax for the year 1930 and/or 1931.

The defendant village moved to dismiss the complaint upon the ground that it did not state sufficient facts to constitute a cause of action.   The motion was sustained at Special Term but reversed by the Appellate Division by a divided court.   A unanimous permission was given to take an appeal to the Court of Appeals. The appeal has been argued in the Court of Appeals and in all probability the matter will be decided within a very short time.

The plaintiff has moved for an injunction *pendente lite* restraining the defendant from advertising or selling the property of the plaintiff for the taxes which are attacked in the complaint, and restraining the defendant from taking any other proceedings to enforce payment of such taxes.

It appears from the papers that the defendant is about to advertise the plaintiff's property and other property in the annexed territory for the sale of taxes, such sale to be held pursuant to sections 119 to 125-a of the Village Law.*   These sections are permissive.   The village is not compelled in order to protect any right of the village to hold the sale.   There is no fixed date for the sale but it may be held at any time at the discretion of the board of trustees, the only requirement being that notice must be published once a week for four weeks, posted in five conspicuous places in the village and served on the owners.   (Village Law, § 120.)

---

* Sections 119–123 were repealed by Laws of 1930, chap. 661; section 125-a was added by Laws of 1927, chap. 650, and amended by Laws of 1928, chap. 856.—[REP.

The sales must be for cash and a certificate received by the purchaser can be recorded in the office of the clerk of the county and has the same effect as the recording of a deed. (Village Law, § 121.) The purchaser is entitled to immediate possession and may bring summary proceedings to obtain same. (Village Law, §§ 122, 123.) If the property is bid in by the village, it is entitled to all of the rights that a purchaser for cash is entitled to. (Village Law, § 124.)

As stated, the action of the plaintiff is to remove a cloud upon its title. If this sale proceeds and the property is purchased by the village, of course, no complications would ensue, but if the property is purchased by any one other than the village and this action proceeds to judgment and the plaintiff continues to be successful, it will have a bootless victory and would be compelled to begin another action against the purchaser to remove the very cloud on its title that is involved in the present action. The village will not be harmed by postponing its tax sale.

The motion will be granted to this extent: The village will be restrained only from advertising and/or selling the plaintiff's property for taxes pursuant to the sections of the Village Law above referred to. If the Court of Appeals shall sustain the defendant's position, of course the injunction will be vacated. If the decision of the Court of Appeals shall sustain the plaintiff's position, the injunction will be continued. This decision is not to be construed as hampering in any way the defendant village from levying taxes and assessments against the property in the annexed district but is only to be construed as restraining the sale pursuant to sections 119 to 125-a of the Village Law of the property affected.

Settle order on notice.